**BY ECF**                                                                                          May 4, 2017

**Honorable Paul G. Gardephe, U.S.D.J.**
**United States District Court for the Southern District of New York**
**Thurgood Marshall United States Courthouse**
**40 Foley Square**
**New York, NY 10007**

Re:     *Steven Ferdman v. CBS Interactive Inc.*
        *Docket No. 1:16-cv-1317 (PGG)*

Dear Judge Gardephe,

Pursuant to Your Honor's February 24, 2017 Order (Dkt. 7), Plaintiff Steven Ferdman ("Ferdman") and Defendant CBS Interactive Inc. ("CBS") jointly submit this letter in anticipation of the Initial Pretrial Conference scheduled for 10:30 AM on May 11, 2017.

1. **Brief Description of the Case**

**Plaintiff's Perspective**

Ferdman is a professional freelance photojournalist whose livelihood depends on licensing his photographs to online, print and television media outlets for a fee. Ferdman's work has appeared in prominent publications nationwide.

In September 2016, Ferdman photographed the popular British actor Tom Holland on the set of the much-anticipated new Spider-Man movie. Through his resourcefulness, skill and talent Ferdman took numerous unique photographs of Holland on the set. All the photographs he took from the set were properly and timely registered with the United States Copyright Office.

On or about September 27, 2016 CBS ran two articles on it website one entitled *Latest Spider-Man: Homecoming Images Showcase Action on New York's Streets* and another entitled *New Spider-Man: Homecoming Photos Shows Tom Holland Suited Up.* Both articles combined featured 8 of Ferdman's distinctive photographs from the set. The purpose of the articles was for visitors to see the photographs of the set.

Ferdman did not license, give permission nor consent to CBS to display the photographs. Ferdman asserts that CBS's infringement was willful, intentional, purposeful, and in disregard or indifference to Ferdman's rights in the photographs.

CBS and its parent company CBS Broadcasting has a history of copyright claims against them. There have been seven other copyright cases in the Southern District of New York recently against CBS some include: *Tannen v. CBS Interactive Inc.* 17-cv-1169-VEC, *Hirsch v. CBS Broadcasting and CBS Interactive Inc.* 17-cv-1860-PAE, *FameFlynet, Inc. v. CBS Broadcasting Inc. and CBS Interactive Inc.* 16-cv-07498-GBD, *Chevrestt v. CBS Broadcasting Inc. et al.* 16-

cv-05523-VEC, *Jeremiah v. CBS Broadcasting Inc.* 16-cv-3474-RA. All of the cases claim that CBS took photographs without permission from the photographers.

As the Second Circuit affirmed in *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120 (2d Cir. 2014), the Court has wide discretion to consider (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties. *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 143–44 (2d Cir. 2010).  Cases that merely factor in licensing fees are in the minority and are increasingly disfavored.  In fact, the prevailing view is that pegging recovery to a mere licensing fee trivializes the Copyright Act and makes effective licensing regimes obsolete.

As several defendants learned in *Agence France Presse v. Morel*, 2014 WL 3963124 (S.D.N.Y. 2014) willfulness is imputed if "the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Island Software & Computer Serv., Inc. v. Microsoft Corp.,* 413 F.3d 257, 263 (2d Cir.2005); *see also N.A.S. Imp., Corp. v. C hens on Enterprises, Inc.,* 968 F.2d 250, 252 (2d Cir.1992) (noting that the defendant's "knowledge may be 'constructive.' Plaintiff need not prove willfulness directly but it may be inferred from the defendant's conduct.  *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.,* 807 F.2d 1110, 1115 (2d Cir.1986). In evaluating willfulness, the Court will also consider "whether the infringer had experience with previous copyright ownership, prior lawsuits regarding similar practices, or work in an industry where copyright is prevalent." *Morel II,* 934 F.Supp.2d 547, 570 (S.D.N.Y. 2013).

Here CBS is sophisticated media outlet that is very familiar with copyright and they are in the business of displaying content and creating content themselves. CBS has a long history of prior lawsuits regarding very similar copyright infringement cases. There needs to be a significant deterrence factor placed on CBS for hurting the livelihood of photographers and other content creators.

Accordingly, Ferdman seeks statutory damages, costs, and attorney's fees against CBS for copyright infringement.

**<u>Defendant's Perspective</u>**

   Defendant CBS Interactive Inc. publishes the website GameSpot, accessible at www.gamespot.com, which is an internet publication devoted to gaming and other entertainment news and features.  On February 27, 2017, GameSpot reported on the filming of an upcoming *Spiderman* movie in two articles, entitled "New Spider-Man: Homecoming Photo Shows Tom Holland Suited Up[;] Filming on the 2017 movie has moved from Atlanta to New York" and "New Spider-Man: Homecoming Photos Shows Tom Holland Suited Up."  The articles included eight images of actor Tom Holland on the set of the movie.  As reported  in one of the articles, the photos came "from Spider-Man actor Tom Holland himself."  Specifically, GameSpot obtained the photos from Tom Holland's Instagram account, where they were made available in a manner by which publicity photos typically are made available at no cost to promote upcoming

features.  Photos also were obtained from Twitter.  The photos contained no credit to Ferdman, no copyright notice, and no restrictions on their use, and GameSpot reasonably believed that they were publicity shots available to the media for the use challenged here by Ferdman.

Significantly, the photos at issue were available for licensing from Ferdman through his stock-photo agency Shutterstock, at the price of **$35 per photo**.  Plaintiff is now demanding more than 700 times that amount.

Plaintiff's reference to other cases brought against CBS related entities (mostly by plaintiff's own attorneys who, according to published reports, have filed 97 copyright actions in the Southern District of New York in just the first three months of this year), is irrelevant and misleading as CBS has not been found liable for infringement in any of those cases.  Contrary to Plaintiff's argument, having "a history of copyright claims against them" does not mean that defendant is a serial infringer but, instead, simply a target for copyright trolls.

2. **Contemplated Motions**

**Plaintiff**

Plaintiff anticipates that following the closing of discovery, it will file a motion for summary judgment against Defendant on the copyright infringement claim.

**Defendant**

Defendant anticipates moving to recover its fees and costs in this action pursuant to the Offer of Judgment rule, Fed. R. Civ. P. 68 following any trial on damages issues.

3. **Prospect for Settlement**

**Plaintiff's Perspective**

Plaintiff has proposed a reasonable settlement number however Defendant has yet to engage in any settlement discussion in good faith.

**Defendant's Perspective**

Plaintiff's settlement demand is for hundreds of thousands of dollars—**more than 700 times** the cost of a license for the uses at issue.  Thus, the prospects for settlement are remote.

Respectfully Submitted,

| | |
|---|---|
| /s/Richard P. Liebowitz<br>Richard P. Liebowitz<br>Yekaterina Tsyvkin<br>Liebowitz Law Firm, PLLC<br>11 Sunrise Plaza, Suite 305<br>Valley Stream, NY 11580<br>(516) 233-1660<br>RL@LiebowitzLawFirm.com<br>KT@LiebowitzLawFirm.com<br><br>*Attorneys for Plaintiff Steven Ferdman* | /s/ Robert Penchina<br>Levine Sullivan Koch & Schulz, LLP<br>321 West 44th Street, Suite 1000<br>New York, NY 10036<br>(212) 850-6109<br>rpenchina@lskslaw.com<br><br>*Attorneys for CBS Interactive Inc.* |