

11 SUNRISE PLAZA, STE. 305
VALLEY STREAM, NY 11580
(516) 233-1660
WWW.LIEBOWITZLAWFIRM.COM

August 18, 2017

**VIA ECF & FAX**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007
Fax: (212) 805-7986

Re:   *Ferdman v. CBS Interactive Inc.,* 17-cv-1317 (PGG)

Dear Judge Gardephe:

      We represent plaintiff Steven Ferdman ("Ferdman" or "Plaintiff") in the above-referenced action and write pursuant to section IV.A. of Your Honor's Individual Rules of Practice to request a pre-motion conference.  Plaintiff seeks leave of court to file its motion for partial summary judgment pursuant to Rule 56 on liability against defendant CBS Interactive Inc. ("CBS" or "Defendant") for copyright infringement (Count I of the complaint). Plaintiff also seeks summary judgment dismissing the four affirmative defenses to liability for copyright infringement, namely: (1) failure to state a claim [Answer, Dkt. #12, p. 4 of 7]; (2) invalidity of copyright registration [*id.*]; (3) fair use [*id.*]; and express or implied license [*id.*].

      On summary judgment, the Court may determine liability against a defendant on plaintiff's copyright infringement claim.  *See, e.g., Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995); *Rogers v. Koons,* 960 F.2d 301, 307 (2d Cir. 1992).  The proposed grounds for Ferdman's motion, as set forth in detail below, are summarized as follows:  (1)  summary judgment on liability against CBS for copyright infringement should be granted because there is no material dispute of fact regarding the two elements of Plaintiff's claim, namely (a) ownership of a valid copyright; and (b) unauthorized copying; (2) CBS' first affirmative defense (failure to state a claim) should be dismissed because plaintiff has adequately pled facts to support the elements of his copyright infringement claim; (3) CBS' second affirmative defense (invalidity of copyright) should be dismissed because Ferdman's copyright registration certificate is *prima facie* evidence of validity and CBS cannot produce any evidence to contest its validity; (4) CBS' third affirmative (fair use) should be dismissed because the four factor analysis prescribed by 17 U.S.C. § 107 weighs heavily in Plaintiff's favor and no reasonable jury could find that CBS' secondary use was fair; (5) CBS' fourth affirmative defense (express or implied license) should be dismissed because CBS has already admitted that it did not have an express license [*See* Answer, Dkt. # 12, ¶ 12] and CBS cannot produce any evidence to show that it possessed an implied license.




Liebowitz Law Firm, PLLC

# ARGUMENT

## POINT I: SUMMARY JUDGMENT ON LIABILITY AGAINST CBS FOR COPYRIGHT INFRINGEMENT SHOULD BE GRANTED

To establish a claim of copyright infringement, plaintiff must show two elements: (1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work. *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998).

### A.   Ferdman Owns a Valid Copyright for the Works in Question

First, Ferdman's photographs are original and therefore subject to protection. *Rogers*, 960 F.2d at 306 (*citing* 17 U.S.C. § 102(a)(5)). "Elements of originality in a photograph may include posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved." *Id.* at 307 (citations omitted). Here, Ferdman's photographs are protectible under the Copyright Act because he exercised a personal choice in the selection of the subjects, arranged the lighting and angle, used his own camera lens, and determined the precise time when the photographs were taken.

Second, Ferdman's photographs are subject to a valid copyright registration. Pursuant to 17 U.S.C. § 410(c), a certificate of registration from the U.S. Copyright Office, if timely obtained, "constitute[s] *prima facie* evidence of the validity of the copyright . . ." 17 U.S.C. § 410(c). A certificate of copyright registration is *prima facie* evidence of both valid ownership of copyright and originality. *See Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012). To be timely, a certificate of registration must be obtained "before or within five years after first publication" of a work. *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257 (2d Cir. 2005). Thus, "[p]ossession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable." *Whimsicality, Inc. v. Rubie's Costume Co. Inc.*, 891 F.2d 452, 455 (2d Cir. 1989). A party's "proffer of its certificate of copyright registration thus shifts to [the opposing party] the burden of proving the invalidity of the copyright." *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir.), *cert. denied*, 522 U.S. 908 (1997). Here, Ferdman is in possession of a certificate of registration from the U.S. Copyright Office, bearing registration number VA 2-007-059, with effective registration date of November 7, 2016. Because the certificate was obtained within five years after first publication of the works, the certificate serves as *prima facie* evidence of validity.

### B.   CBS Copied Ferdman's Registered Works Without Authorization

To satisfy the second element of an infringement claim, a plaintiff must show both that his work was "actually copied" and that the portion copied amounts to an "improper or unlawful appropriation." *Castle Rock*, 150 F.3d at 137 (citation and internal quotation marks omitted).

First, with respect to actual copying, defendant's copies are virtually identical to the registered work and are therefore "strikingly similar" as a matter of law. *See, e.g., Lipton*, 71 F.3d at 471 (granting summary judgment in plaintiff's favor on grounds of striking similarity); *Miroglio S.P.A. v. Conway Stores, Inc.*, No. 5-cv-00121 (BSJ), 2007 WL 391565, *6 (S.D.N.Y. Feb. 6, 2007) (finding that "no reasonable juror could fail to find that the defendants committed

Liebowitz Law Firm, PLLC

acts of copying" where the works at issue were "nearly identical"); *Yash Raj Films (USA), Inc. v. New Bollywood Music, Inc.*, No. 02-cv-3982, 2003 WL 22697782, *1 (E.D.N.Y. Nov. 10, 2003) (granting summary judgment on infringement liability after finding striking similarity where "[d]efendants had virtually identical copies of Plaintiff's music and films."). Here, side-by-side comparisons between Ferdman's registered works and the images used by CBS on its website demonstrate that they are virtually identical. Indeed, CBS has merely reproduced wholesale photocopies of Ferdman's works. Accordingly, because the original photograph and CBS' infringing copies are "strikingly similar," the Court should determine as a matter of law that actual copying occurred.

Second, Defendants' copies are unauthorized and therefore improper. Section 106 of the Copyright Act gives the owner of a valid copyright the exclusive rights, *inter alia*, to "reproduce the copyrighted work in copies;" "to prepare derivative works based on the copyrighted work"; and to "distribute copies ... of the copyrighted work to the public by sale or . . . lease." 17 U.S.C. § 106(1)-(3). Here, Ferdman never granted CBS authorization to copy his registered works, or prepare a derivative work based on his photographs, or distribute copies of his images to the public. Thus, CBS violated Ferdman's exclusive rights under section 106 of the Act. Construing the evidence in the light most favorable to Defendant, no reasonable juror could fail to find that the CBS committed acts of unauthorized copying.

**POINT II: AFFIRMATIVE DEFENSES #1, #2, and #4 SHOULD BE DISMISSED**

Defendant's first affirmative defense (failure to state a claim) should be dismissed. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, Defendant hasn't moved against the sufficiency of the pleading despite ample opportunity to do so. Moreover, Plaintiff's complaint sets forth a plausible set of facts to support each element of his copyright infringement claim. *See* Complaint, Dkt. #1, ¶¶ 7-9 (validity of copyright); ¶¶10-12 (unauthorized copying by CBS).

Defendant's second affirmative defense (invalidity of copyright) should be dismissed because Ferdman's copyright registration certificate is *prima facie* evidence of validity and CBS cannot produce any evidence to contest its validity. *Scholz Design*, 691 F.3d at 186.

Defendant's fourth affirmative defense (express or implied license) should be dismissed because CBS has already admitted that it did not have an express license [Answer, Dkt. # 12, ¶ 12] and cannot produce any evidence to show that CBS possessed an implied license.

**POINT III: AFFIRMATIVE DEFENSES #3 [Fair Use] SHOULD BE DISMISSED**

Fair use is an affirmative defense that "presumes that unauthorized copying has occurred, and is instead aimed at whether the defendant's use was fair." *Monge v. Maya Magazine, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012). A court "may conclude as a matter of law that the challenged use . . . does not qualify as a fair use of the copyrighted work" when the facts on

record are "sufficient to evaluate each of the [fair use] statutory factors." *Harper & Row*, 471 U.S. at 549, 560. Thus, the Court may grant summary judgment dismissing the defense of fair use. *See, e.g., Stewart v. Abend*, 495 U.S. 207 (1990); *Castle Rock Entm't*, 150 F.3d at 137. The Copyright Act sets out four factors to consider in determining whether a defendant's use of a copyrighted work is a fair use. 17 U.S.C. § 107. Examination of these factors demonstrates that CBS' use does not constitute a fair use.

**A.     Factor #1 (Purpose and Character of Use) Weighs Against Fair Use**

Courts within the Second Circuit examine at least two sub-factors to determine the purpose and character of use, including whether the secondary use is: (1) transformative; and (2) for commercial purposes. *Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F.Supp.2d 537, 552 (S.D.N.Y. 2013).

First, CBS' use is not transformative. A secondary use may be transformative where the copyrightable expression in the original work "is used as raw material, transformed in the creation of new information, new aesthetics, new insights and understandings" *Castle Rock*, 150 F.3d at 142. In contrast, a 'use of copyrighted material that merely repackages or republishes the original is unlikely to be deemed a fair use' and a 'change of format, though useful' is not transformative." *Associated Press*, 931 F.Supp.2d at 551. Here, CBS' secondary use of Ferdman's photographs have not given the images different purpose or character, nor conveyed a new expression, meaning, or message. For example, there are no alterations of the registered works' colors, the background against which the subjects are portrayed, the medium, or the size of the subject matter depicted. Further, Defendant's use did not alter the content and message of the photographs by adding political commentary; nor did CBS attempt to critique the artistic merits of the photographs. In short, Defendant's "use is not transformative, because its piece uses the photo to show what it depicts." *Psihoyos v. National Examiner*, No. 97-cv-7624 (JSM), 1998 WL 336655, *3 (S.D.N.Y. June 22, 1998) (rejecting fair use defense where purpose of secondary use was not to comment on the photograph but was to use it "for precisely a central purpose for which it was created") (citing *Ringgold*, 126 F.3d t 79). Finally, CBS may argue that their infringing use was "fair" because the subject photograph is newsworthy. However, "newsworthiness itself does not lead to transformation. *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1173 (9th Cir. 2012).

Second, the fact that CBS used Ferdman's photographs for a commercial rather than a nonprofit educational purpose also weighs against a finding of fair use. *Psihoyos*, 1198 WL 336655, at *3 (citing *Campbell*, 510 U.S. at 583-84). The "crux of the profit/nonprofit distinction is . . . whether the user stands to profit from the exploitation of the copyrighted material without paying the customary price." *Harper & Row Publishers, Inc. v. Nation Enterp.*, 471 U.S. 539 (1985). Here, there is no dispute that CBS is a for-profit entity which has commercially exploited Ferdman's photographs without paying the price. Indeed, commercial advertisements on CBS' website appear alongside the registered works, thereby indicating CBS' commercial purpose for using Ferdman's photographs. *See Richard Feiner & Co., Inc. v. H.R. Industries, Inc.*, 10 F.Supp.2d 310, 314 (S.D.N.Y. 1998) (finding commercial ads appearing alongside the unauthorized use of photographs demonstrated a defendant's commercial purpose).



**B.      Factor #2 (Nature of the Work) Weighs Against Fair Use**

The second factor examines the "nature of the work." 17 U.S.C. § 107(3). "Although photographs are often 'factual or informational in nature,' the art of photography has generally been deemed sufficiently creative to make the second fair use factor weigh in favor of photographer-plaintiffs." *Baraban v. Time Warner, Inc.*, 2000 WL 358375 (2000). Here, although Ferdman's photographs were created for newsgathering purposes, the works are more creative than factual because they involved many aesthetic decisions, including the staging of the subjects, selection of lighting and the orientation of the image against a specific background.

**C.      Factor #3 (Amount and Substantiality of Portion Used) Weighs Against Fair Use**

The third factor bearing on fair use is "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. § 107(3). The "most relevant" question for this factor is whether the infringer has taken "no more" than is necessary. *Infinity Broadcast Corp.*, 150 F.3d at 110. Here, CBS' photocopying of Ferdman's full-color photographs, without any alteration, demonstrates the works' value. *See Harper & Row Publishers,* 471 U.S. at 565. Moreover, CBS' copying of the photographs in their entirety was unnecessary to achieve its purpose because there were at least three legal alternatives available which did not include the appropriation of Ferdman's works: (1) CBS could have published its informative story *without* any photos whatsoever; (2) CBS could have engaged its own photographer to take an original photo of the identical subject matter; or (3) CBS could have obtained a license from Ferdman. *See Psihoyos*, 1998 WL 336655, at *4 (Defendant "was simply using the [plaintiff's] photo to save itself the expense of obtaining its own photo.")

**D.      Factor #4 (Effect of The Use Upon Market) Weighs Against Fair Use**

The final fair use factor considers "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4). This factor "requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in a substantially adverse impact on the potential market for the original." *Ringgold*, 126 F.3d at 80-81 (citing *Campbell*, 510 U.S. at 590. Here, CBS' secondary uses adversely impacted the potential market for the registered works because Ferdman did not earn his licensing fees from CBS. Moreover, CBS' uses implied that any subsequent user could simply copy the photographs without paying the customary price. As a result, any potential market for Ferdman's works were adversely impacted by CBS' unauthorized uses.

Based on the foregoing grounds, Plaintiff respectfully requests that the Court grant Plaintiff leave to file his Rule 56 motion against CBS on the issue of liability.

Respectfully Submitted,

Richard Liebowitz
*Counsel for Plaintiff Steven Ferdman*