

321 West 44th Street
Suite 1000
New York, NY 10036
(212) 850-6100 | Phone
(212) 850-6299 | Fax

Robert Penchina
(212) 850-6109
rpenchina@lskslaw.com

August 23, 2017

<u>**VIA ECF**</u>

The Hon. Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse, Room 2204
40 Foley Square
New York, New York 10007

  Re: *Ferdman v. CBS Interactive Inc.* No. 17-cv-01317 (PGG)

Dear Judge Gardephe:

  We are counsel for Defendant CBS Interactive Inc. ("CBSI") in the above-captioned civil action. We write pursuant to Rule IV(A) of this Court's Individual Rules of Practice in Civil Cases to respond to plaintiff Steven Ferdman's request for a pre-motion conference in connection with his intention to move for summary judgment. Plaintiff's proposed motion is of little merit because there are genuine issues of material fact relating to each of the issues for which plaintiff seeks summary judgment.

  Plaintiff's motion seeking "summary judgment … against defendant CBS Interactive Inc. … for copyright infringement" fails for the simple reason that plaintiff has failed to demonstrate that he registered the copyrights for his allegedly infringed photos. The Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a); *see, e.g.*, *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014). Plaintiff has provided a copy of a registration certificate (VA2022430), but has come forward with *no evidence* demonstrating that any of the photos at issue in this case actually were covered by that registration.

  In order to obtain a copyright registration, an applicant is obligated to submit a copy of the work(s) to be covered by the registration, and works not included in the deposit copy are not covered by the registration. *See, e.g., Nicholls v. Tufenkian Import/Export Ventures, Inc.*, 367 F. Supp. 2d 514, 520 (S.D.N.Y. 2005) (""[A] copyright does not encompass designs that vary in essential respects from what was presented to the Copyright Office. Otherwise, the purposes of the deposit requirement would be nullified."). Here, although Defendant requested production of



The Hon. Paul G. Gardephe
August 23, 2017
Page 2

a copy of what was submitted to the Copyright Office, Plaintiff did not provide such a copy or any other documents identifying the images covered by Registration No. VA2022430.[1]

The Registration identified by Plaintiff lists many image numbers but Plaintiff came forward with no evidence showing what images those numbers relate to nor any evidence demonstrating that any of the listed image numbers correspond to any of the photos in suit. To the contrary, the only image numbers in the record associated with the in-suit photos ***are not included*** in the Registration. (*Compare* VA2022430 (image numbers in the format "DSC_7778.jpg") *with* Royalty Reports (image numbers in the format "6023475e SVF")). Moreover, Plaintiff testified that this was the first set of photos he ever registered with the Copyright Office and he could not confirm what precisely was submitted or covered. Thus, there are questions of material fact concerning whether the photos in suit were registered.

Even if Plaintiff could overcome the registration hurdle, Plaintiff's proposed motion for summary judgment on liability would still fail. As discussed in Defendant's letter to the Court dated August 18, 2017, Defendant's usage constitutes fair use. *See* Doc. # 17. Similarly, there are questions of fact concerning whether Defendant was expressly or impliedly permitted to make use of the photos at issue by the settlement agreement entered into between Plaintiff and the movie studio that made the movie.[2]

Likewise, Plaintiff's proposed motion directed at Defendant's affirmative defenses has no merit. Plaintiff challenges Defendant's second affirmative defense which states that "Plaintiff's claim is barred in whole or in part to the extent any copyright registration asserted by Plaintiff as covering the photographs in suit is invalid and/or unenforceable." Answer (Doc. # 12), Second Defense. As discussed above, record evidence creates a question of material fact as to whether the copyright registration asserted by Plaintiff is enforceable with respect to the photos in suit.

Similarly, the record demonstrates that Defendant's third affirmative defense, "Plaintiff's claims are barred in whole or in part by the doctrine of fair use," is well founded. *See* Doc. # 17.

In sum, there is simply no merit to Plaintiff's proposed motion for summary judgment.

Very truly yours,

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: _____
Robert Penchina

*Counsel for Defendant CBS Interactive Inc.*

---

[1] Indeed, Plaintiff produced virtually no documents responsive to the Defendant's requests, and failed even to produce documents Plaintiff testified he has in his possession.
[2] Plaintiff failed to produce this agreement despite Defendant's clear request for Plaintiff to produce "All documents related to licenses or settlement agreements entered into following your assertion of a claim of unauthorized use of the Photographs." An adverse inference should be drawn from this failure.



The Hon. Paul G. Gardephe
August 23, 2017
Page 3

cc: All counsel of record (via ECF)