

**Liebowitz Law Firm, PLLC**
ATTORNEYS FOR THE PHOTOGRAPHIC ARTS

11 SUNRISE PLAZA, STE. 305
VALLEY STREAM, NY 11580
(516) 233-1660
WWW.LIEBOWITZLAWFIRM.COM

August 23, 2017

**VIA ECF & FAX**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007
Fax: (212) 805-7986

    Re:    *Ferdman v. CBS Interactive Inc.,* 17-cv-1317 (PGG)

Dear Judge Gardephe:

    We represent plaintiff Steven Ferdman ("Ferdman" or "Plaintiff") in the above-referenced action and write pursuant to section IV.A. of Your Honor's Individual Rules of Practice to opposed Defendant CBS Interactive ("Defendant")'s request to file a motion for summary judgment.

    Defendant offers two specious grounds: (1) it seeks to dismiss Plaintiff's copyright infringement claim based on the fair use doctrine with respect to only one out of the nine infringing uses alleged in the Complaint; and (2) it seeks to obtain a ruling on the fact-intensive issue of willfulness, which is a state-of-mind issue that Courts are traditionally reluctant to adjudicate as a matter of law.

    With respect to Defendant's fair use defense, Defendant seeks a ruling from the Court as to only one out of nine separate infringements alleged in the Complaint. *See* Complaint, Dkt. #1-2, page 9 of 9. Apparently, Defendant is not prepared to address the other eight infringements evidenced at Dkt. #1-2, pp. 1-8. This piecemail attempt to tax judicial and party resources to address just one out of nine infringements should not be countenanced. Moreover, the fact that Defendant is not prepared to move against eight out of nine infringements on a parallel defense demonstrates a complete lack of confidence in the merits of their Fair Use position. "As the term itself suggests, '[f]air use presupposes good faith and fair dealing.'" *Associated Press v. Meltwater U.S. Holdings, Inc.,* 931 F.Supp.2d 537, 552 (S.D.N.Y. 2013). Where the identical parties and photographs are involved, it strains credulity for Defendant to argue that it acted in good faith with respect to one infringement, but not as to the remaining eight.

    With respect to willfulness, "a defendant's copyright infringement will be found willful pursuant to § 504(c)(2) where the defendant had knowledge that its conduct constituted



Liebowitz Law Firm, PLLC

infringement or showed reckless disregard for the copyright holder's rights." *Lipton v. Nature Co.*, 71 F.3d 464, 472 (2d Cir. 1995) (citing *N.A.S. Import Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992). Since knowledge of infringement may be "actual" or "constructive," it need not be proven directly and can be inferred from the defendant's conduct. *See Knitwaves, Inc. v. Lollytogs, Ltd.*, 71 F.3d 996, 1010 (2d Cir. 1995).

"Although courts are generally reluctant to dispose of a case on summary judgment when mental state is at issue, it is permissible to do so where there are sufficient undisputed material facts on the record to make the question appropriate for summary judgment." *Lipton*, 71 F.3d at 472 (citations omitted) (citing *Resource Developers, Inc. v. Statue of Liberty–Ellis Island Found., Inc.*, 926 F.2d 134, 141 (2d Cir.1991)). In *Lipton*, the Second Circuit reversed a district court's finding of willfulness after determining that the district court had improperly assessed the defendant's credibility as to whether the copying was innocent or willful. *Id.*

Here, there are disputed factual issues concerning willfulness which would preclude summary judgment. Namely, the finder of fact should assess Defendant's state of mind with respect to the copying at issue. Determinations of credibility are within the province of the jury and may not be resolved on summary judgment. *United States v. Rem*, 38 F.3d 634, 643–44 (2d Cir. 1994). Moreover, the evidence of willfulness in this case is very strong, as the following factors illustrate:

**First,** defendants copied the Photographs outright. *See N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 253 (2d Cir. 1992) (fact that infringer's product was identical to plaintiff's held to be evidence of willfulness).

**Second,** the fact that Defendant is in the publishing business and is therefore presumed to be sophisticated about copyright law and licensing procedures is evidence of willfulness. *See, e.g.*, *Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172 (2d Cir. 1983) (finding that a newspaper publisher willfully infringed because, as a publisher of a copyrighted newspaper, defendant should have known that its unauthorized reproduction of plaintiff's copyrighted article constituted copyright infringement); *Castle Rock Entertainment v. Carol Pub. Group, Inc.*, 955 F.Supp. 260, 267 (S.D.N.Y.1997) (finding reckless disregard where the defendants were sophisticated with respect to the publishing industry and copyright laws); *Fitzgerald Publishing Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986) (defendant's position as an experienced publisher gave it constructive knowledge of its infringement); *Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("As the defendants are in the book publishing business and in a position to repeat the unauthorized reproduction of copyrighted material, there is deterrent value in assessing [statutory] damages against defendants" and "Defendants' work in the book publishing industry should have provided sufficient knowledge that copyright protection is available for photographs.").

**Third,** Defendant has been repeatedly sued for copyright infringement over the past three years. *See, e.g.*, *Lauratex Textile Corp. v. Allton Knitting Mills*, 519 F.Supp. 730, 733 (S.D.N.Y.1981) (statutory damages increased where there were six copyright infringement cases brought against defendant within three years); *Walt Disney Co. v. Best*, 1990 WL 144209, *2 (S.D.N.Y. Sept. 26, 1990) ("Defendant's past infringement is a strong indication that it was familiar with the law and willfully violated it.")

Liebowitz Law Firm, PLLC

**Fourth,** Defendant has licensed copyrighted photos as part of its ordinary course of business. *Campbell v. Koons*, 1993 WL 97381, *3 (S.D.N.Y. April 1, 1993) (Defendants' "infringement was clearly willful" where record showed that defendant "was well aware that he had to obtain permission to use copyrighted material in his works because he had asked for, and obtained, such permission many times in the past").

In sum, Defendants' proposal to file a motion for summary judgment on the above grounds is highly specious. Defendant's request should therefore be denied.

Respectfully Submitted,

Richard Liebowitz

*Counsel for Plaintiff Steven Ferdman*