# Ballard Spahr
LLP

———————————————
919 Third Avenue, 37th Floor
New York, NY 10022-3915
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Robert Penchina
Tel: 212.850.6109
Fax: 212.223.1942
penchinar@ballardspahr.com

November 25, 2017

Hon. Paul G, Gardephe
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Ferdman v. CBS Interactive Inc., 17 Civ. 1317 (PGG)(BM)

Dear Judge Gardephe:

      We represent defendant CBS Interactive Inc. ("CBSI"), and submit this letter in opposition to Plaintiff Steven Ferdman's letter motion (Doc. 45) seeking to belatedly submit a Counter Statement to CBSI's Rule 56.1 Statement of Undisputed Material Facts.  Plaintiff's suggestion that he merely failed to file this document borders on sanctionable, as this document not only was not filed, it ***never was served*** and likely was not even drafted until the significance of Plaintiff's failure was made clear at a settlement conference just the other day.  Because this document was not served or filed when due on October 20, 2017 under the schedule ordered by the Court, CBSI had no opportunity to respond to it in CBSI's Reply, which was timely served and filed on October 27 (Doc. 38).

      Plaintiff has been operating under his own rules from the outset of the case.  For example, in opposing CBSI's motion for summary judgment, Plaintiff submitted to the Court documents Plaintiff had never produced in response to CBSI's discovery requests—notwithstanding CBSI having repeatedly called this failure to Plaintiff's attention.  *See, e.g.,* CBSI Mem. in Opposition (Doc. 35) at 3 n.1 & 2.  Plaintiff similarly has argued that a license agreement entered into between himself and a movie studio does not grant publicity rights extending to the media even though Plaintiff has refused to produce this document.

      Playing fast and loose with the applicable rules and norms of litigation is the stock and trade of Plaintiff's attorneys.  Just last week, another Judge of this Court entered an order observing that "plaintiff's counsel, Mr. Liebowitz, according to court records, has filed 452 cases in this Court in the last 21 months," a number of which resulted "in attorneys' fees against a client of Mr. Liebowitz," and the Court ordered that plaintiff to show cause why he should not have to post security before his attorney could proceed with that case. *Cruz v. ABC, Inc.*, No. 17 cv 8794, at 4 n.11 (S.D.N.Y. Nov. 17, 2017) (attached as Exhibit A hereto).

      Here, Plaintiff did not simply forget to file an opposition to CBSI's Rule 56.1 Statement.  If that were the case, Plaintiff would have called it to CBSI's and the Court's attention when CBSI

DMEAST #32433601 v1

Hon. Paul G. Gardephe
November 25, 2017
Page 2

pointed out this failure in CBSI's reply brief on October 27 (Doc. 38).  Likewise, had it simply been a failure to file a document that had timely been served, Plaintiff could have raised it when Plaintiff sought CBSI's consent to file another document, Plaintiff's reply brief (Doc. 44), which Plaintiff had served but forgot to file (which consent CBSI readily gave, and Plaintiff made this filing on November 20).  Instead, Plaintiff is only raising the issue now that a Magistrate Judge explained to Plaintiff the consequences of the failure to respond.

The rules should not be bent, the scheduling order should not be ignored, and Plaintiff's request to serve and file an opposition to CBSI's Rule 56.1 Statement now should be rejected as untimely.  Moreover, Plaintiff's request should be rejected for the additional reason that it is futile, as Plaintiff's proffered opposition does not comply with Local Rule 56.1.

Local Rule 56.1 specifies that each properly supported statement of material fact set forth by the movant shall "be deemed to be admitted for purposes of the motion unless specifically controverted," and any controverting "statement of material fact[] must be followed by citation to evidence which would be admissible."  Local Rule 56.1.  Here, Plaintiff's statement does not identify countervailing evidence, but only arguments without citation to any evidence of record.  Thus, CBSI's statement of undisputed material facts would be deemed admitted even if Plaintiff's untimely submission were taken into account.  *See, e.g., Whitehurst v. 230 Fifth, Inc.*, 998 F. Supp. 2d 233, 248 (S.D.N.Y. 2014) (movant's statement of facts accepted as true where opponents "deny a statement without a citation to any evidence"); *Wells v. John Wiley & Sons, Inc.*, 2016 WL 889786, at *2 (S.D.N.Y. Feb. 17, 2016) (rejecting opposition "statements without citing evidence" or that "provid[e] citations to caselaw and the Federal Rules of Evidence, but no facts").  Plaintiff's responses here either expressly do not contest CBSI's statements of fact, or make arguments without any citation to record evidence.  Thus, even if Plaintiff's opposition statement were accepted for filing, the facts set forth in CBSI's statement would remain uncontested as a matter fact and law.

Respectfully yours,

Robert Penchina

Cc: All Counsel of Record

DMEAST #32433601 v1