**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALEX CRUZ,

                              Plaintiff,

            -against-                                                    17-cv-8794 (LAK)

AMERICAN BROADCASTING COMPANIES, INC.,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/17

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

On October 31, 2017, an alleged terrorist drove a truck down a bicycle path beside the West Side Highway in Manhattan, killing eight people and injuring eleven more before being shot by police. Plaintiff captured a photograph of the driver lying in the street shortly after he was brought down by police bullets. The incident was the subject of intense news coverage by innumerable media outlets including American Broadcasting Companies, Inc. ("ABC"). ABC displayed plaintiff's photograph in its news reporting on the attack.

Less than a month later, plaintiff brought this action against ABC claiming that its display of his photograph infringed his copyright. The matter is before the Court on the question of whether the Court, on its own motion, should require plaintiff to post security for costs, including attorneys' fees, as a condition of proceeding with this action.

*Discussion*

We begin with the pertinent rule, Local Civil Rule 54.2. It provides:

Case 1:17-cv-01213-RGG Document 46-1 Filed 11/25/17 Page 3 of 5
Case 1:17-cv-08794-LAK Document 7 Filed 11/17/17 Page 2 of 4

2

"The Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate.   For failure to comply with the order the Court may make such orders in regard to noncompliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party."

The costs for which security may be required include defendant's attorneys' fees, as Section 505 of the Copyright Act[1] permits a prevailing defendant to recover its reasonable attorneys' fees.[2] "Factors generally considered [in determining whether to require security for costs] include: the financial condition and ability to pay of the party at issue; whether that party is a non-resident or foreign corporation; the merits of the underlying claims; the extent and scope of discovery; the legal costs expected to be incurred; and compliance with past court orders."[3] Security often has been required where the merits of a plaintiff's case are questionable and there is doubt as to the plaintiff's ability to satisfy any costs judgment that ultimately may be imposed.[4]

The Court of course is not fully informed with respect to the merits of plaintiff's case and therefore does not prejudge them.  Nevertheless, even on the face of the complaint, there appear to be serious questions as to the merits of plaintiff's claim.

Photographs, with only very rare exceptions, are proper subjects of copyright.[5] Those

---

[1]    17 U.S.C. § 505 (2012).

[2]    *E.g., Selletti v. Carey,* 173 F.R.D. 96, 100 (S.D.N.Y. 1997) (Chin, J.), *aff'd ,* 173 F.3d 104 (2d Cir. 1999).

[3]    *Id.* at 100-01.

[4]    *E.g., id.* at 101-102; *Bressler v. Liebman*, No. 96-cv-9310 (LAP), 1997 WL 466553, at *4 (S.D.N.Y. Aug. 14, 1997).

[5]    *See, e.g., Mannion v. Coors Brewing Co.*, 377 F. Supp. 2d 444, 450-54 (S.D.N.Y. 2005); *The Bridgeman Art Library, Ltd. v. Corel Corp.*, 36 F. Supp. 2d 191, 195-97 (S.D.N.Y. 1999).

who hold copyright in photographs generally should be compensated for infringement of their exclusive rights. But the law long has recognized, and Section 107 of the Copyright Act[6] has given statutory recognition to the principle, that some unlicensed uses of copyrighted works are "fair" and thus do not give rise to infringement liability. The statute itself states in relevant part:

> "[T]he fair use of a copyrighted work, including such use by reproduction . . . or by any other means . . . , *for purposes such as* criticism, comment, *news reporting*, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include–
>
> > (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> >
> > (2) the nature of the copyrighted work;
> >
> > (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> >
> > (4) the effect of the use upon the potential market for or value of the copyrighted work."[7]

As this Court pointed out only recently, a use squarely within the preambulatory portion of Section 107 of the Copyright Act – namely, "criticism, comment, [or] news reporting" – goes at least part of the distance toward a conclusion of fair use.[8] Moreover, *Time Inc. v. Bernard Geis Associates,*[9] the case that held that the use in a book of copies of frames of the famous and copyrighted Zapruder film of the assassination of President Kennedy was fair, at first blush seems

---

[6]

17 U.S.C. § 107 (2012).

[7]

Emphasis supplied.

[8]

*Kanongataa v. Am. Broadcasting Cos.,* Nos. 16-cv-7382, 16-cv-7383, 16-cv-7472 (LAK), 2017 WL 4776981, at *1 (S.D.N.Y. Oct. 4, 2017); *see also* 4 Nimmer on Copyright § 13.05[A][1][a], at 13-160–13-161 (Rev. ed. 2017).

[9]

293 F. Supp. 130 (S.D.N.Y. 1968).

Case 1:17-cv-01217-RGC Document 46-1 Filed 11/25/17 Page 1 of 5
Case 7:17-cv-08794-LAK Document 7 Filed 11/17/17 Page 4 of 5

4

to lend substantial support to a defense of fair use.[10]  Although, to be sure, the Court doubtless will

have a fuller and more informed view as this litigation proceeds, there seems a reasonable possibility

that ABC will prevail on a fair use defense and, moreover, that it would be entitled to recover costs,

including attorneys' fees, in that event.[11]


*Conclusion*

In the circumstances, plaintiff shall show cause, on or before December 1, 2017, why

an order should not be entered requiring that he post security for costs as a condition of proceeding

further with this action.  Plaintiff's counsel is hereby directed to serve a copy of this order on the

defendant no later than November 22, 2017.  Defendant may respond to plaintiff's submission, if

any, no later than December 15, 2017.  Plaintiff may reply to any submission on behalf of the

defendant no later than December 22, 2017.

SO ORDERED.

Dated:      November 17, 2017

_____
Lewis A. Kaplan
United States District Judge

---

[10]      *See also* 4 NIMMER ON COPYRIGHT § 13.05[B][5], at 13-222.

[11]      The Court notes also that (1) plaintiff's counsel, Richard Liebowitz, according to court
records, has filed 452 cases in this Court in the last 21 months (of which 20 have been filed
*so far this month*), many against media and publishing defendants, and (2) the undersigned
awarded over $121,000 in attorneys fees against a client of Mr. Liebowitz in three other,
related copyright infringement cases that were dismissed from the bench on fair use grounds.
*Kanongataa*, 2017 WL 4776981, at *3.