UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN FERDMAN,

Plaintiff,

- against -

CBS INTERACTIVE INC.

Defendant.

Docket No. 17-cv-1317 (PGG)

ECF CASE

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND
RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION.............................................................................................................. 1

LEGAL STANDARD ......................................................................................................... 2

ARGUMENT ................................................................................................................... 3


POINT I:    THE COURT HAS OVERLOOKED U.S. SUPREME COURT AUTHORITY
WHICH, VIA THE SEVENTH AMENDMENT, FORECLOSES A DISTRICT
COURT'S SUMMARY RULING ON THE ISSUE OF WILLFULNESS ............... 3

  A.    UNDER U.S. SUPREME COURT LAW, ALL ISSUES PERTAINING TO THE CALCULATION OF
STATUTORY DAMAGES UNDER § 504(C) MUST BE RESERVED FOR THE JURY ................... 3

  B.    THE ISSUE OF WILLFULNESS IS PERTINENT TO AN AWARD OF STATUTORY DAMAGES
UNDER 17 U.S.C. § 504(C) AND THEREFORE MUST BE DECIDED BY JURY ........................ 3

  C.    THE CASES CITED BY THE DISTRICT COURT HAVE BEEN OVERRULED BY *FELTNER* AND,
IN ANY EVENT, ARE INAPPOSITE......................................................................... 4


POINT II:    A REASONABLE JURY COULD FIND WILLFULNESS BASED SOLELY ON
THE FACT THAT CBS IS A SOPHISTICATED MEDIA COMPANY WHICH
FAILED TO CONDUCT DUE DILIGENCE.......................................................... 5


POINT III:  THE BALANCING OF THE EQUITIES STRONGLY FAVORS REVERSAL OF
THE DISTRICT COURT'S RULING ON WILLFULNESS ................................... 8


CONCLUSION.................................................................................................................. 9

# TABLE OF AUTHORITIES

## CASES

*Castle Rock Entertainment v. Carol Pub. Group, Inc.,*
  955 F.Supp. 260, 267 (S.D.N.Y.1997) ................................................................. 7

*Cranston Print Works Co. v. J. Mason Prod.,*
  No. 96 CIV. 9382 (DLC), 1998 WL 993657, at *6 (S.D.N.Y. July 27, 1998)......................... 3

*EMI Entertainment World, Inc. v. Karen Records, Inc.,*
  806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) *vacated on grounds of standing,* 2013 WL 2480212
  (S.D.N.Y. June 10, 2013) ............................................................................ 7

*Fallaci v. New Gazette Literary Corp.,*
  568 F. Supp. 1172 (2d Cir. 1983)..................................................................... 7

*Feltner v. Columbia Pictures Television, Inc.,*
  523 U.S. 340, 353, 118 S. Ct. 1279, 1287, 140 L. Ed. 2d 438 (1998) ...........................passim

*Fitzgerald Pub. Co. v. Baylor Pub. Co.,*
  807 F.2d 1110, 1115 (2d Cir. 1986) .................................................................. 6

*Friedman v. Live Nation Merch., Inc.,*
  833 F.3d 1180, 1189 (9th Cir. 2016).................................................................. 6

*Granada Sales Corp. v. Aumer,*
  No. 02 CIV. 6682(HB)(RLE, 2003 WL 21383821, at *2 (S.D.N.Y. June 2, 2003).................. 8

*Granite Music Corp. v. Ctr. St. Smoke House, Inc.,*
  786 F. Supp. 2d 716, 725 (W.D.N.Y. 2011)........................................................... 4

*International Controls Corp, v. Vesco,*
  556 F.2d 665, 670 (2d Cir. 1977)...................................................................... 2

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,*
  168 F.3d 347, 350 (9th Cir. 1999)..................................................................... 2

*Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.,*
  232 F. Supp. 3d 384, 393 (S.D.N.Y. 2017) .......................................................... 8

*Lipton v. Nature Co.,*
  71 F.3d 464, 472 (2d Cir. 1995)....................................................................... 4

*Lugo v. Artus,*
  No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008)........................... 2

## CASES (*continued…*)

*Meiri v. Dacon*,
  759 F.2d 989, 998 (2d Cir. 1985) ............................................................................. 4

*Res. Developers, Inc. v. Statue of Liberty-Ellis Island Found., Inc.,*
  926 F.2d 134, 141 (2d Cir. 1991) ............................................................................. 4

*Sanofi-Synthelabo v. Apotex, Inc.,*
  363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005). .......................................................... 2

*Shrader v. CSX Transp., Inc.,*
  70 F.3d 255, 257 (2d Cir. 1995) ............................................................................... 2

*Silverman v. CBS Inc.*,
  632 F. Supp. 1344, 1352 (S.D.N.Y. 1986), *decision supplemented*, 675 F. Supp. 870 (S.D.N.Y.
  1988), *aff'd in part, vacated in part*, 870 F.2d 40 (2d Cir. 1989) ........................... 6

*Van Der Zee v. Greenridge*,
  2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) .......................................................... 7

*Viacom, Int'l Inc. v. Fanzine Int'l, Inc.,*
  98 Civ. 7448, 2001 WL 930248, at *4 (S.D.N.Y. Aug. 16, 2001) ........................... 7

*Yurman Design, Inc. v. PAJ, Inc.,*
  262 F.3d 101, 112 (2d Cir.2001) ......................................................................... 5, 6, 8

*Yurman Studio, Inc. v. Castaneda*,
  591 F. Supp. 2d 471, 503 (S.D.N.Y. 2008) ............................................................ 8

## STATUTES

15 U.S.C. § 1125(a) .......................................................................................................... 5
17 U.S.C. § 504(c) ............................................................................................................ 1
17 U.S.C. § 504(c)(2) ...................................................................................................... 4

## RULES

Fed. R. Civ. P. 60(b)(1) ............................................................................................. passim
Local Civil Rule 6.3 .................................................................................................. passsim

## INTRODUCTION

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Steven Ferdman ("Plaintiff" or "Ferdman"), via counsel, respectfully submits this memorandum of law in support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated September 24, 2018, which granted summary judgment in Defendant CBS Interactive Inc.'s favor on the issue of willfulness  [Memorandum Order and Opinion, Dkt. # 48, p. 39]

In Plaintiff's opposition brief to Defendant's motion for summary judgment, Plaintiff primarily relied on the U.S. Supreme Court's holding in *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 353, 118 S. Ct. 1279, 1287, 140 L. Ed. 2d 438 (1998) to foreclose the Court's summary judgment ruling on the issue of willfulness.  [P's Memo, Dkt. # 43, p. 24 of 25]  This is because "the Seventh Amendment provides a right to a jury trial <u>on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself</u>." *Feltner,* 523 U.S. at 353 (underline added).  Given that the issue of willfulness has no bearing on infringement liability but only relates to the calculation of statutory damages under 17 U.S.C. § 504(c), the Court is bound by the Seventh Amendment to reserve the question for the jury.  In granting summary judgment, the Court has overlooked *Feltner*, a controlling authority.

Furthermore, there is ample authority for the proposition that the requisite constructive knowledge may be found where the infringer is a sophisticated publisher who fails to conduct due diligence or otherwise obtain a license.  These cases were also cited in opposition to Defendant's motion but were not considered in the Court's opinion.  [P's Opposition Letter, Dkt. #20]  Accordingly, as further set forth below, reconsideration and/or reargument is warranted on the issue of willfulness.

## **LEGAL STANDARD**

A party seeking reconsideration or reargument pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). In the alternative, the movant must "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.,* 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005).

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir. 1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)). "Ordinarily, a movant alleging a 'mistake' under Rule 60(b)(1) must show that the district court committed a specific error." *Id.* (citation and internal quotations omitted); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

As more fully detailed below, Plaintiff's motion for reconsideration or reargument pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) satisfies the applicable standards.

## ARGUMENT

**POINT I:**      **THE COURT HAS OVERLOOKED U.S. SUPREME COURT AUTHORITY WHICH, VIA THE SEVENTH AMENDMENT, FORECLOSES A DISTRICT COURT'S RULING ON WILLFULNESS**

**A.**      **UNDER U.S. SUPREME COURT LAW, ALL ISSUES PERTAINING TO THE CALCULATION OF STATUTORY DAMAGES UNDER § 504(c) <u>MUST</u> BE RESERVED FOR THE JURY**

In *Feltner,* 523 U.S. at 353, the Supreme Court held that the Seventh Amendment

provides a right to a jury trial where the copyright owner elects to recover statutory damages.

"The right to a jury trial includes the right to have a jury determine the *amount* of statutory

damages, if any, awarded to the copyright owner." *Id.* "As a result, if a party so demands, a jury

must determine the actual amount of statutory damages under § 504(c) in order to preserve the

substance of the common-law right of trial by jury." *Id.,* at 355 (citations and quotations

omitted). Under Supreme Court law, all issues pertinent to an award of statutory damages must

be decided by the jury. *Id.* ("For the foregoing reasons, we hold that the Seventh Amendment

provides a right to a jury trial <u>on all issues pertinent to an award of statutory damages under §</u>

<u>504(c) of the Copyright Act</u>, including the amount itself.") (underline added).

**B.**      **THE ISSUE OF WILLFULNESS IS PERTINENT TO AN AWARD OF STATUTORY DAMAGES UNDER 17 U.S.C. § 504(C) AND THEREFORE MUST BE DECIDED BY JURY**

The Copyright Act provides that the issue of willfulness is pertinent to the calculation of

statutory damages under section 504(c) of the Act. *See, e.g., Cranston Print Works Co. v. J.*

*Mason Prod.*, No. 96 CIV. 9382 (DLC), 1998 WL 993657, at *6 (S.D.N.Y. July 27, 1998)

("the willfulness of their actions -- <u>which is significant only for the purpose of assessing</u>

<u>damages</u> -- is better left for trial.") (underline added); *Granite Music Corp. v. Ctr. St. Smoke*

*House, Inc.*, 786 F. Supp. 2d 716, 725 (W.D.N.Y. 2011) ("[willfulness] is a legal conclusion

necessary to the determination of both statutory damages and the award of costs, including

attorney's fees."); 17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000.")

Here, because the issue of willfulness is solely and exclusively related to the calculation of statutory damages under section 504(c), the Supreme Court's holding in *Feltner* (via the Seventh Amendment) forecloses a district court's grant of summary judgment on the issue of willfulness.

C.    **THE CASES CITED BY THE DISTRICT COURT HAVE BEEN OVERRULED BY *FELTNER* AND, IN ANY EVENT, ARE INAPPOSITE**

In its memorandum and order, the Court cites three Second Circuit cases in support of the proposition that summary judgment may be granted on the issue of willfulness.  *See* Memorandum and Order, Dkt. # 48, pp 39-40 (*citing Res. Developers, Inc. v. Statue of Liberty-Ellis Island Found., Inc.,* 926 F.2d 134, 141 (2d Cir. 1991), *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985); *Lipton v. Nature Co.,* 71 F.3d 464, 472 (2d Cir. 1995).

Critically, *Res. Developers*, *Meiri* and *Lipton* were all decided prior to the Supreme Court's ruling in *Feltner*.  Accordingly, to the extent *Res. Developers, Meiri* and *Lipton* stand for the proposition that the issue of willfulness in a jury trial action may be disposed of on summary judgment, all three cases have been overruled by the Supreme Court's decision in *Feltner* which was decided in 1998, subsequent to *Res. Developers, Meiri* and *Lipton.*

In any event, the cases cited by the Court are readily distinguishable.  First, *Res. Developers* is not a copyright infringement action but a Lanham Act claim brought under 15 U.S.C. § 1125(a).  The issue in *Res. Developers* was whether plaintiff had produced sufficient evidence in opposing summary judgment to show that the defendant intentionally sought to deceive consumers.  *Res. Developers*, 926 F.2d at 141.  But the level of intent required to show

deception in a Lanham Act claim is not equivalent to the showing that is required under the Copyright Act.   A copyright "plaintiff is not required to show that the defendant had knowledge that its actions constituted an infringement." *Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 112 (2d Cir.2001).   Rather, a copyright plaintiff need only show that the infringer's actions were the result of "reckless disregard" for the copyright holder's rights (as opposed to bad faith or active deception).  *Id.* ("Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement.").   Thus, in the case at bar, plaintiff is not required to present any evidence that CBS actually knew that its conduct was infringing.  To prove willfulness at trial, Plaintiff need only show that CBS should have known that it was required to obtain a license from the rightful copyright holder and failed to do so.

Second, *Meiri* is a civil rights action brought under Title VII and has no bearing on the legal standards applicable to this infringement case.

Finally, while *Lipton* is a copyright infringement action, the Second Circuit there actually reversed the district court's grant of summary judgement on the issue of willfulness.  *Lipton* found that the parties disputed whether defendant's conduct was willful and that "[d]eterminations of credibility are within the province of the jury and may not be resolved on summary judgment," *Lipton*, 71 F.3d at 472.  Accordingly, the Second Circuit remanded the case for trial on the issue of defendant's reckless disregard of plaintiff's copyright. *Id.*

In sum, *Res. Developers, Meiri* and *Lipton* do not provide the Court with authority to grant summary judgment in Defendant's favor on the issue of willfulness, particularly given that such cases are no longer good law in light of *Feltner.*

**POINT II:**      **A REASONABLE JURY COULD FIND WILLLFULNESS BASED SOLELY ON THE FACT THAT CBS IS A SOPHISTICATED MEDIA COMPANY WHICH FAILED TO CONDUCT DUE DILIGENCE**

The District Court granted summary judgment in favor of Defendant on the issue of willfulness (ostensibly) on grounds that Plaintiff did not present sufficient evidence of Defendant's <u>actual</u> knowledge of infringing activity.  But a copyright "plaintiff is not required to show that the defendant had knowledge that its actions constituted an infringement." *Yurman Design,* 262 F.3d at 112. "[A] defendant's . . . constructive knowledge proves willfulness." *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986)).  Accordingly, "[a]ny determination of 'willfullness' involves the [infringer]'s intent and, as such, is an issue of fact that requires an evidentiary hearing." *Silverman v. CBS Inc.*, 632 F. Supp. 1344, 1352 (S.D.N.Y. 1986), *decision supplemented*, 675 F. Supp. 870 (S.D.N.Y. 1988), *aff'd in part, vacated in part*, 870 F.2d 40 (2d Cir. 1989).  "Indeed, whenever state of mind is at issue, 'direct proof' of one's specific wrongful intent is 'rarely available' and so recourse to circumstantial evidence is most often necessary." *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1189 (9th Cir. 2016) (internal quotations and citations omitted).

In cases like the one at bar where the infringer operates in the publishing business and is therefore presumed to be sophisticated about copyright law and licensing procedures, willfulness is readily established on a theory of constructive knowledge.  *See, e.g.*, *Fitzgerald Publishing Co.,* 807 F.2d at 1115 (defendant's position as an experienced publisher gave it constructive knowledge of its infringement); *Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172 (2d Cir. 1983) (finding that a newspaper publisher willfully infringed because, as a publisher of a copyrighted newspaper, defendant should have known that its unauthorized reproduction of plaintiff's copyrighted article constituted copyright infringement); *Castle Rock Entertainment v. Carol Pub. Group, Inc.,* 955 F.Supp. 260, 267 (S.D.N.Y.1997) (where publisher testified that his company has had experience with the copyright laws, and that he is familiar with the

requirements of those laws, the court found publisher acted in reckless disregard because it was sophisticated with respect to the publishing industry and copyright laws); *Viacom, Int'l Inc. v. Fanzine Int'l, Inc.,* 98 Civ. 7448, 2001 WL 930248, at *4 (S.D.N.Y. Aug. 16, 2001) (finding willful infringement where defendant was "a multi-national publishing company that publishes over 200 magazine releases a year" and "[a]s such ... is or should be familiar with copyright law and particularly with the general practices of securing permission before reproducing copyrighted works"); *EMI Entertainment World, Inc. v. Karen Records, Inc.*, 806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) *vacated on grounds of standing,* 2013 WL 2480212 (S.D.N.Y. June 10, 2013) (noting that "other courts in this district have inferred willful infringement from a defendant's ownership of copyrights and experience in an industry heavily regulated by copyright law."); *Van Der Zee v. Greenridge*, 2006 WL 44020, *2 (S.D.N.Y. Jan. 6, 2006) ("Defendants' work in the book publishing industry should have provided sufficient knowledge that copyright protection is available for photographs.").[1]

Further, the record shows that Defendant acted recklessly by failing to inquire as to the identity of the rightful copyright owner before publishing the Photographs. *See, e.g., Granada Sales Corp. v. Aumer*, No. 02 CIV. 6682(HB)(RLE, 2003 WL 21383821, at *2 (S.D.N.Y. June 2, 2003) ("With this knowledge, Sante and Aumer recklessly disregarded Granada's copyright by purchasing the infringing garments in Pakistan "off the shelf" without inquiring into the identity of the owner of the fabric design."); *Yurman Design, Inc.,* 262 F.3d at 113 (defendant's reckless disregard of copyright owner's rights inferred from its failure to make an inquiry into the origin of infringing jewelry samples).

---

[1] Plaintiff previously raised these arguments in opposition to Defendant's motion for summary judgment [Dkt. # 20], but the Court apparently overlooked these authorities.

Here, CBS should have known that it needed a license to publish eight images of Tom Holland as Spiderman on its commercial website. Given that CBS is a sophisticated media company which operates in the publishing industry [Dkt. # 27, P's 56.1 Statement,¶¶ 12-14], its failure to conduct any due diligence concerning the identity of the copyright holder and its failure to obtain a license are grounds for a reasonable juror to find that CBS acted in reckless disregard of Plaintiff's rights.

**POINT III:    THE BALANCING OF THE EQUITIES STRONGLY FAVORS REVERSAL OF THE DISTRICT COURT'S RULING ON WILLFULNESS**

If the Court's ruling on willfulness is allowed to stand, then Plaintiff will suffer prejudice and extreme hardship. Even if Plaintiff obtains a finding of liability against CBS at trial, he will have no choice but to appeal the Court's ruling on willfulness and ask that the Second Circuit remand the case for a second jury trial on the issue of damages. Plaintiff is an ordinary citizen, not a largescale corporation, and should not have to bear the cost of two separate trials.

In comparison, Defendant suffers no prejudice whatsoever if the Court allows the jury to consider the issue of willfulness. "In a copyright action, the plaintiff bears the burden of proving willfulness," *see Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471, 503 (S.D.N.Y. 2008), whereas "it is the defendant's burden to establish that its infringement was innocent." *Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc.,* 232 F. Supp. 3d 384, 393 (S.D.N.Y. 2017). In other words, Defendant does not have to disprove that its conduct was willful. If it has evidence to show that its conduct was innocent, Defendant will have the full and fair opportunity to present such evidence at trial. So it is of no consequence to Defendant if the issue of willfulness is reserved for the jury. Defendant will have its day in court either way.

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff respectfully requests that the Court GRANT his motion for reconsideration/reargument or his motion pursuant to Rule 60(b)(1) and vacate its Order of summary judgment in Defendant's favor on the issue of willfulness.

RESPECTFULLY SUBMITTED,

**/richardliebowitz/**
Richard Liebowitz, Esq.
Liebowitz Law Group, PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580

*Counsel for Plaintiff Steven Ferdman*